UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA ANDERSON,

    Plaintiff,

v.                                                Case No. 8:24-cv-2210-CPT

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). (Doc. 19). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1968, obtained a high school education, and has past relevant work experience as an administrative clerk and a customer service representative. (R. 29, 111, 115). The Plaintiff applied for DIB and SSI in December 2019, alleging disability as of October 2018 due to depression, heart problems, high

---

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for the former Acting Commissioner, Mr. Leland Dudek, as the Defendant in this suit.

1

blood pressure, and a potassium disorder. *Id.* at 111, 428–40. The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. *Id.* at 128–31, 160–63.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in April 2022. *Id.* at 67–81, 169–93. The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. *Id.* at 67–81. A vocational expert (VE) also testified. *Id.*

Following the hearing, the ALJ rendered a decision finding the Plaintiff was not disabled. *Id*. at 169–93. The Appeals Council vacated that decision, however, and remanded the case to the ALJ for further administrative proceedings on the ground that the ALJ failed to admit timely submitted medical evidence. *Id.* at 196–97. On remand, the ALJ conducted another hearing at which the Plaintiff and a VE both testified. *Id.* at 39–66. During that hearing, the Plaintiff amended her alleged onset date to February 2023. *Id.* at 43.

In a decision issued in July 2023, the ALJ again determined that the Plaintiff was not disabled. *Id.* at 17–31. In particular, the ALJ found that the Plaintiff: (1) had not engaged in substantial activity since her amended alleged onset date in February 2023; (2) had the severe impairments of a spine disorder and a potassium deficiency disorder; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20

functional capacity (RFC) to perform light work subject to some limitations; and (5) based on the VE's testimony, could engage in her past relevant work as an administrative clerk and a customer service representative. *Id.*

The Appeals Council denied the Plaintiff's subsequent request for review. *Id.* at 1–6. Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F. 4th 1309, 1313 (11th Cir. 2021) (citation omitted).

## II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r*

---

C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

3

*of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

standards and whether the Commissioner's decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff raises two challenges on appeal: (1) the ALJ exceeded the scope of the Appeal Council's remand by reexamining an issue the ALJ resolved in his original decision; and (2) the ALJ failed to fully and fairly develop the record. (Doc. 19). Each of these challenges will be addressed in turn.

A.

The Plaintiff's first claim of error concerns the ALJ's assessment of her mental health problems both before and after the remand. As pertinent here, the ALJ found in his initial decision that the Plaintiff had the severe impairment of depression;

exhibited a moderate limitation in concentrating, persisting, and maintaining pace; and was restricted to occupations involving simple, routine tasks and instructions with a reasoning level of one or two.[5] (R. 172–184). Based on these findings, the ALJ determined that the Plaintiff could not perform her past relevant work. *Id*. at 183. The ALJ nonetheless determined later on his decision that the Plaintiff could engage in other jobs which existed in significant numbers in the national economy. *Id.* at 183–84.

As referenced above, the Appeals Council vacated the ALJ's original decision and remanded the matter back to him. *Id.* at 196–97. In doing so, the Appeals Council directed the ALJ to admit and consider additional evidence submitted by the Plaintiff's orthopedist, to offer the Plaintiff the opportunity for a new hearing, to take any further action to complete the administrative record, and to issue a new decision. *Id.*

On remand, the ALJ found that the Plaintiff did *not* have the severe impairment of depression, had only *mild* limitations in concentrating, persisting, and maintaining pace, and was *not* confined to simple work or any reasoning level. *Id.* at 19–22. In light of these findings, the ALJ concluded—unlike in his earlier decision—that the Plaintiff could perform her past relevant work. *Id.* at 30.

The Plaintiff now contends that the ALJ did not comply with the Appeals Council's edicts on remand by "revisiting the issue of the severity of [the Plaintiff's]

---

[5] "Reasoning levels" are measured on a scale of one to six, with one requiring the least mental engagement and six demanding the most. *See* Dictionary of Occupational Titles, *App'x C Components of the Definition Trailer* § II, 1991 WL 688702 (G.P.O. 4th ed. 1991); *see generally Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1322 (11th Cir. 2021).

6

mental impairment" without articulating why there was a "good reason" to undertake such an analysis. (Doc. 19 at 3, 7). In support of this argument, the Plaintiff asserts that there was "no evidence of an improvement in [her] mental condition" between the ALJ's first decision and the Plaintiff's amended onset date in February 2023. *Id.* at 7.

In evaluating the merits of the Plaintiff's challenge, the Court finds the Eleventh Circuit's opinion in *Weidner v. Comm'r of Soc. Sec.*, 81 F. 4th 1341 (11th Cir. 2023) (per curiam) to be helpful. In *Weidner*, the ALJ determined that the claimant was not disabled despite his allegations that he suffered from depression and other ailments. *Id.* at 1343. To buttress this determination, the ALJ found, *inter alia*, that the claimant had the RFC to perform sedentary work subject to various restrictions and that although the claimant could not engage in his past relevant work, he could perform other jobs which existed in significant numbers in the national economy. *Id.* The Appeals Council denied the claimant's request for review, making the ALJ's decision the final decision of the Commissioner. *Id.*

Following the claimant's appeal to the district court, the Commissioner moved on his own and without opposition "to remand the case to the SSA so the ALJ could 'obtain supplemental evidence from the [VE] to clarify [the claimant's] ability to perform other work in the national economy, take any further action to complete the administrative record, . . . offer [the claimant] the opportunity for a hearing, and . . . issue a new decision." *Id.* The district court granted the motion and stated in its Order

that the case was "remanded to the [Commissioner] for further administrative consideration." *Id*. at 1343–44.

On remand, the Appeals Council vacated the ALJ's initial decision and directed the ALJ to secure certain additional evidence, among other things. *Id*. at 1344. After conducting hearings on the matter, the ALJ again concluded the claimant was not disabled. *Id*. at 1344. As pertinent here, the ALJ found that—unlike in his prior decision—the claimant had the RFC to engage in light work (as opposed to sedentary work) with a number of further restrictions, and that the claimant could also perform *both* his past relevant work and other jobs which existed in significant numbers in the national economy. *Id*. The district court affirmed the Commissioner's decision, and the claimant appealed to the Eleventh Circuit. *Id*.

On appeal, the claimant argued—akin to the Plaintiff here—that the ALJ was obligated to adhere to the law-of-the-case doctrine and the mandate issued by the Appeals Council and should therefore "not [have] reassessed his RFC from" his earlier decision. *Id*. In addressing this challenge, the Eleventh Circuit began by discussing the contours of the law-of-the-case doctrine and the "mandate rule." *Id*. at 1344–45. The court explained that, under the law-of-the-case doctrine, "an appellate court's findings of fact and conclusions of law . . . '[were] generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'" *Id*. (quoting *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam)). As for the "mandate rule," the court stated that this rule was "'a specific application' of the law-of-the-case doctrine[ and bound] . . . a lower court to execute

8

the mandate of the higher court without further examination or variance." *Id*. (quoting *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018)).

Against this backdrop, the Eleventh Circuit rejected the claimant's contention, ruling that "[e]ven assuming the law-of-the-case doctrine and mandate rule appl[ied], the ALJ was free to reconsider [the claimant's] RFC because the . . . [ALJ's prior d]ecision was vacated" by the Appeals Council, which meant that it was "void" and had "no legal effect." *Id*. The net result, the Eleventh Circuit emphasized, was that the ALJ was not compelled "to abide by . . . [his] prior RFC finding on remand." *Id*.

Applying the teachings of *Weidner* here, the Plaintiff's first claim of error fails. Since the Appeals Council vacated the ALJ's first decision, (R. 196–97), that decision was "officially gone" and thus a nullity, *Weidner*, 81 F. 4th at 1345. Accordingly, the ALJ was not tethered in any way to that decision on remand and was free to change his findings if he elected to do so. *Id.*

Nor did the ALJ contravene the Appeal Council's instructions on remand. In sending the case back to the ALJ, the Appeals Council directed—as noted above—that the ALJ enter into the record evidence from the Plaintiff's orthopedist, afford the Plaintiff the opportunity for a new hearing, undertake any further action to complete the administrative record, and author a new decision. (R. 196–97). Importantly, the Appeals Council did not dictate that the ALJ must refrain from reconsidering any of his prior findings, and the Plaintiff notably does not contend otherwise. (Doc. 19 at 3–7).

9

As for the Plaintiff's cursory argument that the ALJ was required to provide a good reason for reaching a different result the second time around, the Plaintiff offers no authority to bolster this contention. As such, she has waived any such assertion. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (concluding that a party abandons a claim when, among other things, she "raises it in a perfunctory manner without supporting arguments and authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner . . . are generally deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (finding that a party waived a contention "because he did not elaborate on th[e] claim or provide citation to authority about [it]") (citation omitted).

One final point bears mentioning relative to the Plaintiff's first challenge. Nowhere in the Plaintiff's memorandum does she argue—at least in any meaningful way—that the ALJ's mental findings on remand lacked adequate evidentiary support. Nor could she validly do so. In the ALJ's second decision, he explained that the Plaintiff had been diagnosed with depression and anxiety but that these impairments were not severe. (R. 21–22). The ALJ highlighted in this respect that although the record indicated the Plaintiff had a history of receiving care for her mental health issues, she sought "little treatment during the relevant time period" and did not comply with her medication regime. *Id.* The ALJ further highlighted that examinations of the

10

Plaintiff performed in November 2022 and April 2023—which were after the remand—revealed, *inter alia*, that despite her medication noncompliance, the Plaintiff possessed "fair insight and judgment," had thought content "within normal limits," engaged in "linear and goal directed" thought processes, and displayed intact comprehension and language, as well as general knowledge and judgment within normal limits. *Id.* The ALJ's findings are buttressed by substantial evidence, and the Plaintiff does not show otherwise.

B.

It is well settled that an ALJ has a basic and firmly established duty to compile a full and fair record regarding a claimant's application. *Washington*, 906 F.3d at 1364; *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty, however, does not obligate an ALJ to order a consultative examination (CE) whenever there is evidence that a claimant may suffer from an impairment. Instead, an ALJ "may purchase a [CE] to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a . . . decision on [a] claim." 20 C.F.R. § 416.919a(b). Consequently, an ALJ need not exercise his discretion in favor of obtaining a CE as long as the record contains enough evidence for him to make an "informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281); *see also Nation v. Barnhart*, 153 F. App'x 597, 598 (11th Cir. 2005) (per curiam) (finding that an ALJ need not seek additional independent expert medical testimony if the

11

record is adequate and such additional testimony is not necessary for an "informed decision") (citations omitted).

A claimant requesting remand on the grounds that an ALJ failed to secure a CE must establish not only that the ALJ erred in doing so, but also that "the claimant's right to due process has been violated to such a degree that the case must be . . . [sent back] to the ALJ for further development of the record." *Mosley v. Comm'r of Soc. Sec.*, 633 F. App'x 739, 742 (11th Cir. 2015) (per curiam) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotation marks omitted)). This occurs when "'the record reveals evidentiary gaps which result in unfairness or clear prejudice'" to the claimant. *Id.* (quoting *Brown*, 44 F.3d at 935); *see also Goode*, 966 F.3d at 1280 (stating that a "[r]emand for further factual development of the record . . . is appropriate whe[n] the record reveals evidentiary gaps which result in unfairness or clear prejudice") (internal quotation marks and citation omitted). Ultimately, a claimant bears the burden of proving that she is disabled and must therefore produce sufficient evidence to substantiate her application. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

In this case, as described above, the ALJ modified the Plaintiff's mental RFC on remand. In addition to the portions of the record recited above, the ALJ's analysis of the Plaintiff's mental health issues addressed the results of a mental CE conducted by Dr. Peter Bursten in February 2020. (R. 21). The ALJ found Dr. Bursten's opinion "consistent with the overall record" but only partially persuasive given that Dr. Bursten performed the CE "years prior to the [Plaintiff's] amended alleged onset date"

12

in February 2023. (R. 21). The ALJ also noted that Dr. Bursten "did not set forth the [Plaintiff's] functional limitations in vocationally relevant terms." *Id.* The Plaintiff now contends that the ALJ should have ordered an updated mental CE to address the Plaintiff's "psychological difficulties." (Doc. 19 at 8–10). This challenge fails as well.

As an initial matter, there is case law in this District that an argument which is not raised with an ALJ cannot later be pursued on appeal. *See, e.g.*, *Crider v. Comm'r of Soc. Sec.*, 2018 WL 3628847, at *5 (M.D. Fla. June 12, 2018) (citing *Bechtold v. Massanari*, 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001), *aff'd*, 31 F. App'x 202 (11th Cir. 2001); *Avila v. Astrue*, 2012 WL 5831287, at *11 (N.D. Ind. Nov. 15, 2012)), *report and recommendation adopted*, 2018 WL 3620722 (M.D. Fla. July 30, 2018). Here, the Plaintiff's attorney did not seek a CE before the ALJ, nor did the attorney suggest that one was necessary for the ALJ to make an informed decision. Indeed, Plaintiff's counsel represented at the hearing that the record was complete. (R. 41–43).

Irrespective of the question of waiver, the Plaintiff's CE argument is without merit. As referenced previously, to prevail on this challenge, the Plaintiff must demonstrate that the ALJ lacked adequate evidence to make an informed decision and that there are evidentiary gaps which clearly prejudice her. *Mosley*, 633 F. App'x at 742; *Goode*, 966 F.3d at 1280. The Plaintiff does not make such a showing here. Instead, she contends in summary fashion that "the ALJ should have developed the record[ ] if he had reservations as to whether the [Plaintiff] continued to have moderate limitations in concentration[,] persistence and pace." (Doc. 19 at 10). This type of

13

conclusory argument is wholly insufficient to support a request for remand on this basis.

IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor, to terminate any pending motions, and to close the case.

SO ORDERED in Tampa, Florida, this 26th day of September 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record